FULMER, Chief Judge.
In this postdissolution proceeding, Gary Speight, the former husband, challenges a trial court order overruling his exceptions to the report and recommendation of the general master. Because the trial court erred in finding that Speight had not provided the court with a record or transcript of the hearings before the general master, we reverse and remand for further proceedings.
Speight and his former wife, Karen Clark, divorced in 1994. In 2001 Speight filed a petition seeking modification of his child support obligations and expanded visitation with his minor child. A general master presided over a final hearing held on January 8 and May 19, 2003, after which the parties submitted proposed reports and recommendations. The general *499 master adopted the proposed report and recommendation submitted by Clark. Speight filed exceptions in the trial court, and a hearing was held on the exceptions on March 23, 2004. Prior to the hearing, Speight filed the transcript of the general master’s hearing with the trial court and submitted a copy to counsel for Clark.
At the hearing, counsel for Clark acknowledged having received the transcript, which she described as being two volumes “approximately the size of the Tampa Yellow Pages.” She argued, however, that Speight had failed to provide an adequate record because the transcript was replete with inaudible references. She urged the trial court to deny the exceptions based on Speight’s failure to perfect the record. The trial court deferred ruling on Clark’s objection to the adequacy of the record, and the court heard extensive discussion relating to the substance of-the exceptions. Finally, the court ordered the parties to submit detailed memoranda relating to the exceptions with references to that portion of the transcript supporting each argument. The parties complied with this order and submitted their memoranda to the trial court after the hearing. The trial court then issued its final order, the subject of this appeal, in which the court denied the exceptions based on a finding that Speight had failed to comply with Florida Family Law Rule of Procedure 12.490(g), in that he “has not provided this court with a record or transcript of the hearings before the General Master.”
There is no dispute that Speight provided the trial court with the transcript of the general master’s hearing; , therefore, the trial court’s factual finding to the contrary is incorrect. The transcript, which apparently was prepared by a court reporter who listened to an audiotape of the hearings, is not in the record before this court. Because the trial court’s order simply states that no transcript was provided, we are unable to discern whether the trial court mistakenly found that no transcript was provided or whether the court actually reviewed, the transcript and determined it to be inadequate based on Clark’s objection.
In any case, the objection that was made by Clark to the adequacy of the transcription is not properly remedied by depriving Speight of a ruling on his exceptions. See In re Family Law Rules of Procedure, 663 So.2d 1049, 1052 (Fla.1995) (stating that trial judge has an obligation to review the entire record if exceptions are filed to a general master’s report and recommendation). On remand, the trial court must review the transcript to determine if it is sufficient to allow the court to rule on the exceptions. To the extent that the transcript has references to inaudible remarks that hinder the trial court’s full review of the general master’s hearing, the trial court should undertake to remedy the problem without prejudice to Speight. Remedies available to the trial court may include listening to the original tapes, remanding the case back to the general master for reconstruction of the record if possible, or ordering new hearings.
Our reversal of the trial court’s order will require the trial court to address again on remand two errors, conceded by Clark below, which we do not discuss herein. This will provide the trial court with an opportunity to clarify its reservation of jurisdiction to consider attorney’s fee issues raised by both parties.
Accordingly, we reverse the trial court’s order and remand for further proceedings as directed.
SALCINES and SILBERMAN, JJ., Concur.